34 C.C.P.A.(Patents)

## In re WEST.
### Patent Appeals No. 5258.

Court of Customs and Patent Appeals.
March 25, 1947.

James Edwin Archer, of Stamford, Conn., for appellant.

W. W. Cochran, of Washington, D. C. (Clarence W. Moore, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, JACKSON, and O'CONNELL, Associate Judges.

GARRETT, Presiding Judge.

This is an appeal from 'the decision of the Board of Appeals of the United States Patent Office affirming that part of the decision of the examiner rejecting claims numbered, respectively, 14, 15, 18, 21, and 24 in appellant's application for patent relating (according to the statement in the first paragraph of the application) "to curing catalysts in acid curing thermosetting resin compositions, particularly those which are alkylated, and to compositions containing such resins and the curing catalysts."

Two claims (19 and 20) which had been rejected by the examiner were held allowable by the board. At the hearing before us appellant moved to dismiss the appeal as to claim 21 (it being a duplicate of claim 18) which motion will be granted. So, there remains for our consideration only four claims which read as follows:

"14. A composition comprising an acid-curing thermosetting resin which is a condensation product of an aldehyde with at least one substance from the group consisting of urea, thiourea and aminotriazines together with a curing catalyst which is an acid ester of pyrophosphoric acid and which is present in the proportion of about 0.2-3% calculated as $H_3PO_4$.

"15. A composition comprising an alkylated acid-curing thermosetting resin which is a condensation product of an alcohol and an aldehyde with a substance selected from the group consisting of urea, thiourea and aminotriazines together with a curing catalyst which is an acid ester of pyrophosphoric acid and which is present in the proportion of about 0.2-3% calculated as $H_3PO_4$.

"18. A composition comprising an alkylated urea-formaldehyde resin which is a condensation product of an alcohol and formaldehyde with urea and a curing catalyst which is an acid ester of pyrophosphoric acid and which is present in the proportion of about 0.2-3%, calculated as $H_3PO_4$.

"24. A composition comprising a butylated urea-formaldehyde resin which is a condensation product of a butyl alcohol, formaldehyde and urea together with a curing catalyst which is a methyl acid ester of pyrophosphoric acid and which is present in the proportion of about 0.2-3%, calculated as $H_3PO_4$."

It may be said that appellant draws no distinctions between the claims on appeal, so far as patentability is concerned, and they stand or fall together.

So far as the appealed claims are concerned they were, in effect, rejected because not regarded as patentable over prior art as disclosed in patent No. 2,274,447, issued to Hodgins et al. February 24, 1942.

Appellant's brief states that discussion relating to the appealed claims is "restricted to compositions comprising urea-formaldehyde type resins * * *."

In claims 14, 15, and 18 the curing catalyst is defined as "an acid ester of pyrophosphoric acid" and in claim 24 as "a methyl acid ester of pyrophosphoric acid."

The brief of the Solicitor for the Patent Office directs attention to the fact that the disclosure of appellant's application is broad in scope as to "curing catalysts." His application states that he can "cure the resin film rapidly at relatively low temperature, e. g. at about 150° F. * * * by employing as a curing catalyst an acid ester of a phosphoric acid"; that "the acid esters of pyrophosphoric acid are particularly suitable"; that "esters of ortho phosphoric acids are also suitable"; and, finally, that "any completely esterfied phosphoric acid which will produce an acid ester when brought into contact with water or alcohols or other hydroxylated bodies, falls within the scope of this invention."

The disclosure of the Hodgins et al. patent, so far as pertinent, is fairly summarized in the brief of the solicitor as follows (record page references being omitted): "The * * * patentees treat the same class of resins as appellant, specifically urea-formaldehyde resins * * *. Like appellant, Hodgins et al. use curing catalysts to convert the resins at low temperatures, and thus avoid damage to heat sensitive materials * * *. And the curing catalysts that Hodgins et al. employ are the very 'esters of ortho phosphoric acids' which appellant labels as 'also suitable' * * *. This is evident from the formulas of the two reaction products set forth at the right of the equation on page 2 of the Hodgins et al. patent * * *. The formula for ortho phosphoric acid is represented on page 6 of appellant's Brief. In Hodgins et al's. first reaction product * * *, one of the hydrogen atoms in this acid has been replaced by an organic radical * * * to form the mono-acid ester of othophosphoric acid. In Hodgins et al's. other reaction product * * *, two of the hydrogen atoms in this acid have been replaced by two organic radicals to form the di-acid ester of orthophosphoric acid."

The examiner states: "Hodgins et al disclose urea-formaldehyde-alcohol resins mixed with an acid ester of phosphoric acid, such as methyl acid phosphate * * * or higher alcohol acid phosphates * * *."

It will be observed that although the patentees treat the same product which appellant treats, and while they disclose certain "curing catalysts" which are named in appellant's application, they do not name as a curing catalyst "an acid ester of pyrophosphoric acid," the particular curing catalyst specified in the appealed claims.

It is obvious that the appealed claims, as is stated by the board, "must necessarily depend for patentable novelty upon the particular catalyst employed * * * ,"since the product treated by the catalyst is the same in both instances.

The examiner stated that pyrophosphoric acid is formed by heating orthophosphoric acid. He set forth certain chemical formulas which do not appear to be in dispute and, after discussing them, summarized his holding as follows: "In view of the close relationship between phosphoric acid (orthophosphoric acid) and pyrophosphoric acid, it is not invention to substitute an acid ester of pyrophosphoric acid for the acid esters of phosphoric acid disclosed by Hodgins et al if no unobvious result is obtained. Such a substitution appears to be well within the skill of the art."

The examiner further held that no unobvious result had been established, analyzing, in this connection, certain affidavits introduced in evidence by appellant seeking

to show that an unobvious result was obtained by use of the curing catalyst defined in the appealed claims.

The board in general followed the examiner's line of reasoning relative to the appealed claims. Concerning the affidavits it said: "During the prosecution of this case appellant presented a number of affidavits tending to prove that appellant's catalyzer produces better results than were obtained by the use of the particular orthophosphoric acid esters mentioned in the specific examples given in this patent. It appears that appellant never disclosed any comparative tests between the methyl and ethyl acid esters of ortho-phosphoric acid as mentioned at the bottom of column 2, page 2 of this patent and appellant's acid esters of pyrophosphoric acids. It is probable that the results would not be exactly the same but they apparently should be close together."

This was in substantial accord with the somewhat more elaborate comment of the examiner and we may say at this point, after having examined the affidavits with care, that we are not convinced of error in the findings below concerning them.

As a matter of fact, appellant (although insisting that the comparisons made in at least two of the affidavits are adequate to show an unobvious result) contends that it is not essential to patentability, under the facts here shown, that unobviousness be established. We are unable to agree with this contention.

Appellant's curing catalyst is an acid ester of pyrophosphoric acid. According to the unchallenged statement of the examiner such acid is formed by heating orthophosphoric acid, the use of which as a curing catalyst is taught by the reference.

It was held, in effect, by both tribunals of the Patent Office that the curing catalyst of the application and that of the reference patent are equivalents. Appellant has not convinced us that such holding was erroneous.

The appeal is dismissed as to claim 21, and the decision of the board as to claims 14, 15, 18, and 24 is affirmed.

Affirmed.