47 CCPA
**Application of Thomas F. DOUMANI and Hal C. Huffman.**
**Patent Appeal No. 6509.**

United States Court of Customs and Patent Appeals.
July 20, 1960.

Sol Shappirio, Washington, D. C., for appellant.

Clarence W. Moore, J. E. Armore, Washington, D. C. (Joseph Schimmel, Washington, D. C., of counsel), for Commissioner of Patents.

Before WORLEY, Chief Judge, and RICH, MARTIN and SMITH, Associate Judges, and Judge WILLIAM H. KIRKPATRICK.[1]

WORLEY, Chief Judge.

This appeal is from the decision of the Board of Appeals of the United States Patent Office affirming the Primary Examiner's rejection of claims 17 to 29, inclusive, of appellants' application, No. 214,022, for a patent on a hydrocarbon conversion process and catalyst. Claims 18, 21, 24, and 29 are representative of the appealed claims and read:

"18. The catalyst of claim 21 wherein said carrier comprises coprecipitated silica-alumina gel containing between about 1% and 15% by weight of silica and between about 85 and 99% by weight of alumina.

"21. A hydrocarbon conversion catalyst comprising a major portion of an activated gel-type alumina carrier, between about 0.001% and 5% by weight of rhodium and between about 0.05% and 0.5% by weight of a halogen selected from the group consisting of fluorine and chlorine, said rhodium having been deposited by impregnating said carrier with an aqueous solution of a rhodium compound and subsequently decomposing said rhodium compound by heating, said halogen having been deposited by impregnating said carrier with an inorganic halogen containing acid.

"24. A process for the catalytic hydroforming of gasoline which comprises contacting said gasoline, in admixture with between about 500 and 10,000SCF of hydrogen per barrel of feed, with a catalyst comprising a major proportion of an activated gel-type alumina carrier, a minor proportion of rhodium, and

1. United States Senior District Judge for the Eastern District of Pennsylvania, designated to participate *in place of*

*Judge O'CONNELL*, pursuant to provisions of Section 294(d), Title 28 United States Code.

impregnated thereon between about 0.05%˙ and 5% by weight of a halogen selected from the class consisting of fluorine and chlorine, said contacting being carried out at a temperature between about 700° and 1000°F., a pressure between about 0 and 2000 p. s. i. g. and a feed rate between about 0.2 and 10 liquid volumes per volume of catalyst per hour.

"29. A method for preparing a hydroforming catalyst which comprises first impregnating a granular activated alumina carrier with an aqueous halogen-containing acid selected from the class consisting of chlorine and fluorine-containing acids, draining and drying the halogen-impregnated carrier, thereafter impregnating the same with a solution of a rhodium-containing compound for a length of time controlled to deposit a substantially greater concentration of rhodium near the exterior surfaces of said carrier granules than is absorbed into the core of said carrier granules, and thereafter draining, drying and calcining the twice-impregnated catalyst at a temperature between about 600° and 1000°F. to activate the same."

The references relied on are:

| | | |
|---|---|---|
| Groll et al. | 2,184,235 | December 19, 1939 |
| Haensel et al. | 2,478,916 | August 16, 1949 |
| Haensel | 2,479,109 | August 16, 1949 |
| Haensel | 2,479,110 | August 16, 1949 |
| Ciapetta | 2,550,531 | April 24, 1951 |
| Kirkpatrick | 2,259,423 | October 14, 1941. |

Appellants' application relates to the reforming or hydroforming of gasoline by contacting it with a catalyst at a high temperature. The claims are directed primarily to the specific catalyst used, and it is stated in appellants' brief that "The operating conditions (Temperature, pressure, feed rate) of such reforming operations are conventional."

Appellants' catalyst comprises a base or carrier of activated gel-type alumina which preferably contains from one to fifteen per cent of silica. On the carrier are deposited from .001% to 5% by weight of rhodium and from .05% to 0.5% by weight of fluorine or chlorine, the rhodium being deposited from an aqueous solution and the fluorine or chlorine from an organic acid containing it.

As was held by the board, the two Haensel patents, Nos. 2,479,109 and 2,-479,110, are substantially identical so far as the instant issues are concerned and we shall accordingly refer only to the latter. That patent discloses a process of reforming gasoline in which there is employed a catalyst comprising an alumina base on which a halogen is deposited, preferably in the form of an acid. Platinum is deposited in any suitable manner, a preferred method involving the use of a solution of chloroplatinic acid in water.

The patent to Groll et al. relates to the dehydrogenation of organic compounds and discloses a process employing a catalyst comprising an alumina base on which is deposited a metal catalyst selected from a group which includes both platinum and rhodium.

Haensel et al., No. 2,478,916, and Ciapetta were cited to show the use, in the reforming of gasoline, of platinum or palladium on a base which may be composed of both alumina and silica. It is stated in the latter patent that the silica may be 20 to 95 per cent by weight of the base, with the remainder alumina.

The Kirkpatrick patent was held by the board to be cumulative to and less pertinent than Groll and, accordingly, it

need not be considered in detail here. It relates to the use of metal oxides as catalysts.

The board held that, in view of the disclosure by Groll et al. of the alternative use of platinum and rhodium as catalysts and since both those metals belong to the platinum group and to the same group of the periodic system, it would be obvious to substitute rhodium for platinum in the catalyst of Haensel. The correctness of that holding is the basic issue involved in this appeal and will be considered first.

■ As pointed out by appellants, catalytic effects are not ordinarily predictable with certainty. However, the known similarity between two materials may be such that when one of them is found to be a suitable catalyst for certain purposes it will suggest the probability that the other will also be suitable. An example of such similarity is found in In re West, 160 F.2d 570, 34 CCPA 948, where it was held that in view of the "close relationship" between two particular substances it did not require invention to substitute one for the other as a catalyst. The question whether such a substitution is obvious must be determined on the basis of the circumstances of each case, especially the extent to which similarity and equivalence between the substances involved are recognized in the prior art.

The Groll patent lists a wide variety of metals and metallic compounds suitable for use as catalysts, with more than thirty metals being specifically named as examples. Merely because both platinum and rhodium are included in the list does not, in our opinion, necessarily establish any close relationship between them, or indicate a likelihood that they would be generally equivalent as catalysts.

It is true, as the board points out, that platinum and rhodium belong to the platinum group, which consists of six different metals, but the record does not establish that membership in this group is recognized as indicating similarity with respect to catalytic properties. On the contrary, Groll's list includes some metals of that group but omits others, which would suggest a lack of uniformity in that respect.

Similarly, the fact that both rhodium and platinum belong to group VIII of the periodic system, which includes all the metals of the platinum group, as well as others, affords no substantial evidence of catalytic similarity.

The examiner, in his answer to appellants' appeal to the board, referred to the patent to Taylor, No. 2,503,641, April 11, 1950, which was not cited or discussed by the board but which is included in the record here. That patent discloses the use of metals of the platinum group in the preparation of a catalyst of a type substantially different from that claimed by appellants. While rhodium is mentioned by Taylor, he states that platinum and palladium are the preferred metals. We doubt that statement would be likely to encourage anyone to substitute rhodium for platinum.

Included in the record is an affidavit setting forth the results of comparative tests, which indicate certain definite advantages of rhodium over platinum in a catalyst of the type here involved. The fact that the prior art does not disclose a use of rhodium in such a catalyst, notwithstanding the fact that it has such advantages, would suggest that its use was not obvious.

From our review of the entire record we conclude that it has not been shown that the art recognized such a close relationship between rhodium and platinum as would make it obvious to substitute the former for the latter in the Haensel catalyst; since that substitution is involved in each of the appealed claims the record does not support the rejection of any of them.

In our study of this appeal we have independently consulted standard texts which appear to indicate a recognition of a closer relationship between rhodium and platinum than is shown by the actual record before us. For example, Encyclopedia Britannica, 1957, under "Platinum Metals" notes that "The surfaces of these metals are extremely active catalysts for

a number of chemical reactions," While Thorpe's Dictionary of Applied Chemistry, Longmans, Green & Co., N. Y., 1928, Vol. 5, page 687, states that "It [rhodium] has the same power as platinum as a catalyst but has not been commercially applied to that purpose." A reference to similarity between platinum and rhodium is also found under "rhodium" in the Columbia Encyclopedia, 1950.

Since the foregoing sources were not mentioned below and have not previously been brought to appellants' attention, they have had no opportunity to consider or possibly refute them. We have given them no weight in arriving at our conclusion and express no opinion whether, when combined with the references of record, they would support a rejection of any or all of the appealed claims. We merely hold that the combinations defined in the instant claims would not, in our opinion, be obvious to one skilled in the art in view of the references on which the claims stand rejected.

The decision is reversed.

Reversed.

MARTIN, J., sat but did not participate in decision.

SMITH, Judge (concurring).

While I agree with the result in this case, I do not think this court should be compelled to support its opinion by drawing on standard reference works outside the record.

It seems to me that it is the primary responsibility of the examiner to support a rejection under 35 U.S.C. § 103 by the citation of pertinent reference materials. The examiner is much closer to the person having the ordinary skills of the art than either the Board of Appeals or this court. From this vantage point, the examiner is in a better position than we are to supply the references and the technical data which would be available to the persons skilled in the art and upon which the examiner has concluded that the invention is "obvious."

In addition, I do not think it is in the best interests of orderly appellate procedure for us to assume the responsibility of locating such materials with which to affirm the decisions below. Without the additional supporting material referred to in our opinion the record here is very deficient in factual material from which to draw support for the conclusion that the invention would be obvious to one having the ordinary skills in this art. Also, I think an applicant should have the opportunity to state his views concerning such material and the conclusions drawn therefrom. The practice we have indulged here to support our opinion deprives the applicant of this opportunity.

Much of the uncertainty in decisions such as the present could be eliminated if the record were to contain a discriminating citation by the examiner of any pertinent general reference materials which he has considered in arriving at his decision on the question of obviousness of the claimed invention to one skilled in the art.